**IN THE COURT OF APPEALS OF IOWA**

No. 18-1115
Filed August 15, 2018

**IN THE INTEREST OF D.P.,**
**Minor Child,**

**D.P., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, David F. Staudt,

Judge.


        A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


        Christina M. Shriver, Waterloo, for appellant father.

        Thomas J. Miller, Attorney General, and John B. McCormally, Assistant

Attorney General, for appellee State.

        Timothy M. Baldwin of Public Defender's Office, Waterloo, guardian ad litem

for minor child.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his child, born in 2007. He contends (1) the State failed to prove the ground for termination cited by the district court and (2) termination should have been deferred for six months.

The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(f) (2018). The provision requires proof of several elements, including proof the child cannot be returned to the parent's custody. Our de novo review of the record reveals the following facts.

The child was removed from the mother's custody based on evidence of alcohol and drug use while she had the child in a vehicle. The child was adjudicated in need of assistance.

The father never served as custodial parent of the child. He was incarcerated when the child was born, returned to prison in 2010, and was again incarcerated during these proceedings. He remained in prison at the time of the termination hearing.

In time, the State petitioned to terminate the parents' rights. The mother consented to termination. The father challenged the petition. At the termination hearing, he conceded that, although he was scheduled to be paroled within a week, he did not "know how long after that" he would be released from the correctional institution and it would "probably take a few months" before he would be in a position to care for the child. He also conceded the manager of the housing he would obtain on his release would "[p]robably not at first" allow the child to be placed with him.

The department of human services social worker in charge of the case testified the father's involvement with reunification services was "very sporadic." He was offered supervised visits with the child but canceled several and "oftentimes was difficult to get a hold of either through phone or text messaging." He attended two fully supervised visits with the child and wrote "five or six letters" to her. In the social worker's opinion, the father was never in a position to have the child placed with him. She stated the father told her as much six weeks before the termination hearing. We agree with the district court that the child could not be returned to the father's custody.

The district court found that a deferral of termination for six months was not warranted. *See* Iowa Code § 232.104(2)(b). We agree with this finding. As noted, the father had little sustained contact with the child over her life. Although we do not doubt his sincerity in wanting to maintain a relationship with her, he was simply not in a position to safely parent the child at the time of the termination hearing or in the imminent future, and the prospect that he would be able to do so within six months of the termination hearing were dim.

We affirm the termination of the father's parental rights to his child.

**AFFIRMED.**